**Geoffrey A. MUELLER Plaintiff,**

v.

**The UNITED STATES Defendant.**

No. 765–87C.

United States Claims Court.

April 5, 1989.

Geoffrey A. Mueller, Washington, D.C., pro se.

Richard P. Nockett, Washington, D.C., with whom was Asst. Atty. Gen. James R. Bolton, for defendant.

## OPINION

FUTEY, Judge.

This action is before the court on defendant's motion to dismiss pursuant to RUSCC 12(b)(4) for failure to state a claim upon which relief can be granted. The complaint requests damages for real estate expenses incurred by plaintiff as a result of moving from the United States to Al Batin, Saudi Arabia, for a position with the United States Army Corps of Engineers and reimbursement for post differential deducted from plaintiff's salary while on leave in the United States from his post in Riyadh, Saudi Arabia. For the reasons set forth in this opinion, the court grants defendant's motion.

### Factual Background

Plaintiff, Geoffrey A. Mueller, proceeding *pro se*, filed this action against the United States for damages allegedly arising from his civilian employment with the United States Army Corps of Engineers (Corps of Engineers). The complaint presently states two causes of action.[1]

In his first cause of action Mueller asserts a claim for damages in the amount of $4,732.00 for real estate expenses incurred as a result of the sale of his residence incident to a change of positions with the Corps of Engineers. The complaint states that in 1982 plaintiff was employed by the Corps of Engineers at the Office of the Middle East Division at Mt. Weather, Virginia, and owned a house in the nearby town of Winchester, Virginia. Mueller applied for, and was offered, a position with the Corps of Engineers in Al Batin, Saudi Arabia, which he accepted.

Plaintiff sold his house in Virginia on November 24, 1982, and relocated to Saudi Arabia. He commenced employment with the Corps of Engineers in Al Batin on December 27, 1982, and continued employment at that office until September 1984.

On March 1, 1983, plaintiff submitted a claim to the Corps of Engineers, Middle East Division, for reimbursement of real estate expenses incurred in the sale of his

---

1. Plaintiff's complaint originally comprised three causes of action. However, in plaintiff's opposition to defendant's motion to dismiss, plaintiff states that "after further research Plaintiff is convinced that this Third Cause of Action is for a breach of a contract implied in law, as opposed to implied in fact, and thus is not a claim over which this Court has jurisdiction. Therefore, while Plaintiff still strongly believes that the actions of certain Government employees were improper, and caused injury to Plaintiff, Plaintiff hereby withdraws this Third Cause of Action." (Plaintiff's Opposition to Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment at 30). Accordingly, the court treats defendant's third cause of action as having been voluntarily dismissed. *See* RUSCC 41(a).

house in Winchester, Virginia. That claim was denied on March 28, 1983.

Plaintiff appealed to the General Accounting Office (GAO) on May 17, 1983, as directed in the Corps of Engineers' denial letter. Plaintiff was informed by letter of June 16, 1983, that he must first exhaust his agency remedies before his claim could be reviewed by the GAO. On May 1, 1984, plaintiff appealed to the Corps of Engineers, Middle East Division, which forwarded the appeal to the Office of the Chief of Engineers on July 2, 1984. That office denied the appeal and returned it to the Middle East Division by letter dated August 17, 1984. Mueller again appealed to the agency on December 26, 1984, but asserts that he received no response. On March 3, 1985, plaintiff filed an appeal with the GAO, which was denied by letter dated May 28, 1987.

In his second cause of action, Mueller seeks to recover $657.25 of post differential deducted from his salary for the time he was on leave in the United States from his duty station in Saudi Arabia. The complaint alleges that on May 19, 1986, plaintiff took leave of his station in Riyadh, Saudi Arabia, and arrived in the United States on May 25, 1986. Plaintiff subsequently returned to Riyadh, Saudi Arabia on June 20, 1986. In accordance with the Standardized Regulations for Government civilians serving in foreign areas, the Corps of Engineers deducted 19 days worth of post differential from plaintiff's salary for the time during which Mueller was not in Saudi Arabia (i.e. May 25, 1986 through June 20, 1986). Plaintiff contested the withholding to the GAO on July 27, 1986. This claim, along with his claim for reimbursement of real estate expenses was denied on May 28, 1987.

Plaintiff filed a complaint in this court on December 14, 1987, seeking compensation for these claims. In response, defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted under RUSCC 12(b)(4). Thereafter, plaintiff filed a combined "opposition to defendant's motion to dismiss" and "motion for summary judgment." Since this case can properly be resolved on defendant's motion, because "matters outside the pleadings" are not considered, plaintiff's motion for summary judgment need not be reviewed.

### Discussion

Dismissal under RUSCC 12(b)(4), for failure to state a claim upon which relief can be granted, is appropriate where a complaint asserts no facts which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Chavez v. United States*, 15 Cl.Ct. 353, 356 (1988). In evaluating whether a 12(b)(4) motion is appropriate the court must presume all material factual allegations of the complaint to be true, and each must be construed in a light most favorable to the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *White Mountain Apache Tribe of Arizona v. United States*, 8 Cl.Ct. 677, 681 (1985). The court need only consider whether the defendant has established that, construing the allegations favorably to plaintiff, there are no circumstances under which plaintiff would be entitled to relief. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686. If the facts provide any basis upon which the non-movant might prevail, even though recovery appears remote, the motion must be denied. *Id.*

#### 1. Reimbursement of Real Estate Expenses

■ Plaintiff acknowledges that entitlement to reimbursement of real estate expenses of transferred government employees is governed by 5 U.S.C. § 5724a (1982) of the Administrative Expenses Act of 1946, as amended, and the regulations promulgated thereunder. Section 5724a, provides in pertinent part as follows:

(a) ... appropriations or other funds available to an agency for administrative expenses are available for the reimbursement of all or part of the following expenses of an employee for whom the Government pays expenses of travel and transportation under section 5724a of this title:

\* \* \* \* \* \*

(a)(4) Expenses of the sale of the residence ... of the employee at the old station and purchase of a home at the new official station required to be paid by him *when the old and new official stations are located within the United States, its territories and possessions, the Commonwealth of Puerto Rico, or the areas and installations in the Republic of Panama* made available to the United States pursuant to the Panama Canal Treaty of 1977.... (Emphasis added.)

Pursuant to 41 C.F.R. § 101–7.003 (1987), the General Services Administration is authorized to prescribe and promulgate the Federal Travel Regulations (FTR), governing employees' travel and relocation allowances. Paragraph 2–6.1 of the FTR (effective 1981) provides:

*Conditions and requirements under which allowances are payable.* To the extent allowable under this provision, the Government shall reimburse an employee for expenses required to be paid by him/her in connection with the sale of one residence at his/her old official station ... *Provided, That:*

a. ... A permanent change of station is authorized or approved and *the old and new official stations are located within the 50 States, the District of Columbia, the territories and possessions of the United States, the Commonwealth of Puerto Rico, or the areas and installations of the Republic of Panama* made available to the United States under the Panama Canal Treaty of 1977.... (Emphasis added.)

Defendant asserts that section 5724a and the FTR do not provide for reimbursement of Mueller's real estate expenses since those expenses were not incurred in connection with a transfer to a new official station within the United States, its territories, possessions, Puerto Rico, or specified areas in Panama. Plaintiff claims that the language of the statute and regulations is ambiguous and that in enacting section 5724a Congress intended to create a right to reimbursement in cases, such as his, where an employee is transferred from a

duty station within an area named in the statute to a foreign post of duty not named. Mueller asserts that the Comptroller General has repeatedly misconstrued the language of the statute, thus reaching the wrong conclusion.

This court finds the language of the statute and regulations unambiguous. Reimbursement of real estate expenses incurred in the sale of a residence incident to a transfer to a new duty station is provided for *only when* the old *and* new stations are located within the United States, its territories, possessions, Puerto Rico, or specified areas in Panama.

Unless Congress expressly stated an intent to the contrary, the language of the statute must be construed according to its plain meaning. *Consumer Prod. Safety Comm'n v. GTE Sylvania,* 447 U.S. 102, 108–09, 100 S.Ct. 2051, 2056–57, 64 L.Ed.2d 766 (1980). Section 5724a of the Administrative Expenses Act of 1946 was added in 1967, revising 5 App. § 73b–4a (1966). Pub.L. No. 90–83, 81 Stat. 204 (1967). The legislative history of this statute provides no basis for interpreting the legislation as plaintiff suggests. *See S.Rep. No.* 1357, 89 Cong., 1st Sess., *reprinted in* 1966 *U.S. Code Cong. & Admin. News* 2564; 112 *Cong.Rec.* 6568–99, 15094–96 (1966). Thus, the Comptroller General decisions have properly allowed compensation for employees only when moving *within* the United States or other enumerated areas. *See* 54 Comp.Gen. 1006, 1007 (1975) ("with respect to real estate expenses ... the language of the statute requires that both the old and new duty stations be located in the places enumerated") 47 Comp.Gen. 93, 95 (1967) (the law and regulations "literally require that both the old and the new stations be located within the United States or the other named areas before the right to reimbursement will arise").

■ In further support of its position, defendant argues that the intent of 5 U.S. C. 5724a, only to reimburse employees when the old and new station is located in the United States or specified areas, is apparent in light of its amendment in 1987. The amendment, which is prospective in

operation and not applicable here,[2] broadened the right to reimbursement to include:

(a)(4)(A) ... expenses, required to be paid by the employee, (i) of the sale of the residence ... of the employee at the official station from which the employee was transferred when he was assigned to a post of duty *located outside* the United States, its territories or possessions, the Commonwealth of Puerto Rico, or areas and installations in the Republic of Panama ... (ii) of the purchase of a residence at the new official station when the employee is transferred in the interest of the Government from a post of duty *located outside* the United States, its territories or possessions, the Commonwealth of Puerto Rico, or areas and installations in the Republic of Panama ... to an official station (other than the official station from which he was transferred when assigned to the foreign tour of duty) within the United States, its territories, or possessions, the Commonwealth of Puerto Rico, or such areas and installations in the Republic of Panama....

5 U.S.C. § 5724a(a)(4)(A) (1982 Supp. V) (emphasis added).

This amendment extended the right of reimbursement for expenses resulting from the sale or purchase of real estate to employees transferred from *posts located outside the United States* and other named areas to posts located within the named areas. Congress did not, however, extend the right to reimbursement for employees transferred from duty stations within the areas designated, to posts of duty outside those areas. Defendant contends that the specific exclusion of such a provision makes clear the intent of Congress not to allow reimbursement in these instances. Furthermore, defendant avers, to construe the prior version of section 5724a to allow for these expenses would render the 1987 amendment superfluous.

The court finds this argument persuasive. Had Congress intended the prior version of the legislation to provide reimbursement to employees transferred from duty stations within the designated areas to posts outside those areas, it would run contrary to logic that Congress would later amend the statute to allow for compensation *only* in situations where employees transfer from posts located outside the United States and other named areas to posts within the specified areas. To do so would be incompatible with what plaintiff contends was the intent of Congress in enacting the original legislation, "to reimburse all employees for expenses of buying and selling their residence in the United States, including those transferring to or from overseas posts." (Plaintiff's Reply in Support of His Motion for Summary Judgment at 6). Accordingly, the Corps of Engineers and Comptroller General reached the proper conclusion in determining that Mueller is not entitled to reimbursement of the claimed real estate expenses. Consequently, plaintiff fails to state a claim for reimbursement of his real estate expenses upon which relief can be granted, and dismissal under RUSCC 12(b)(4) is appropriate.

### 2. *Post Differential Deduction*

The Overseas Differentials and Allowances Act of 1969, Pub.L. No. 86–707, 74 Stat. 792 (1960), codified at 5 U.S.C. § 5921 (1982) *et seq.*, establishes uniform benefits and allowances for federal employees stationed overseas. 5 U.S.C. § 5925 authorizes the payment of post differential as prescribed under regulations promulgated by the President. 5 U.S.C. § 5922(c). Pursuant to Executive Order No. 10903[3] (as amended), the President has, *inter alia*, vested the Secretary of State with the authority to promulgate regulations thereunder. In accordance, the Secretary has issued the Standardized Regulations for

---

**2.** Pub.L. 100–202, 101 Stat. 1329 (1987), which amended 5 U.S.C. § 5724a in 1987 specifically provides that the amendment "shall be applicable with respect to any employee transferred to or from a post of duty on or after 60 days after the date of enactment of this section [December

22, 1987]." Section 101(m) [§ 628(a)(2)]. Plaintiff's claim is based on costs incurred from his move in 1982, thus the 1987 amendment does not apply.

**3.** 26 Fed.Reg. 217 (1961).

Government civilians serving in foreign areas (Standardized Regulations).

The present version of chapter 500, section 532b of the Standardized Regulations (effective 1984), provides that an employee's post differential terminates upon departure from their post "for any period of leave (including Rest and Recuperation leave) in the United States." Section 531.2 provides that post differential will resume on the date of the employee's return to their foreign post. In accordance with these regulations, the Corps of Engineers deducted post differential from Mueller's salary for the period between May 25 and June 20, 1986, when plaintiff was on leave in the United States from his post in Saudi Arabia.

Mueller concedes that his right to payment is governed by 5 U.S.C. § 5925, but contends that the regulations implementing the statute are invalid because they are inconsistent with the intent of Congress. Therefore, plaintiff asserts that he is entitled to recover the $657.25 of post differential deducted from his pay.

Administrative regulations must be sustained if they reasonably implement the legislative purpose and are not clearly inconsistent with the statute. *Federal Communications Comm'n v. National Citizens Comm. for Broadcasting*, 436 U.S. 775, 796, 98 S.Ct. 2096, 2112–13, 56 L.Ed.2d 697 (1978); *Morgan v. Office of Personnel Management*, 773 F.2d 282, 287 (Fed.Cir. 1985); *Consumer Prods. Div., SCM Corp. v. Silver Reed Am., Inc.*, 753 F.2d 1033, 1039 (Fed.Cir.1985). This court must give the agency interpretation substantial weight, and cannot substitute its own judgment for that of the agency in determining how to best serve the statutory purpose. *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 477, 99 S.Ct. 1304, 1307, 59 L.Ed.2d 519 (1979); *Citizens To Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823–24, 28 L.Ed.2d 136 (1971); *Morgan*, 773 F.2d at 287. Additionally, "the [agency's] interpre-

tation of the statute need not be the *only* reasonable interpretation or the one which the court views as the most reasonable." *Consumer Prods.*, 753 F.2d at 1039. (Citations omitted.)

The Overseas Differentials and Allowances Act was intended to establish "a uniform system for compensating Government employees in overseas posts irrespective of the agency by which they are employed." *See S.Rep. No.* 1647, 86th Cong., 2nd sess. (1960), *reprinted in* 1960 *U.S. Code Cong. & Admin News*, 3338. "The purpose of the post differential is to compensate employees for undesirable conditions [i.e. physical hardships, hazards to health and difficult conditions of living generally] of environment which exist at some posts of assignment in foreign areas." *Id.* at 3346.[4]

▪ The regulations provide that employees will not receive post differential compensation during periods when an employee is on leave in the United States. Plaintiff asserts that this penalizes overseas employees for vacationing in the United States, and is thus inharmonious with the statutory scheme. However, the withholding of post differential while employees are on leave in the United States is both reasonable and consistent with the purpose of the Act since the employee does not suffer the "undesirable conditions" of the foreign post while in the United States, and deserves no extra compensation. Therefore, the court must sustain the regulations as valid.

Additionally, since 1964 the Standardized Regulations have not provided post differential compensation to employees while on leave in the United States. "[T]he passage of time increases the assumption that Congress is aware of the agency interpretation of a statute and concurs in it, since no subsequent legislation has altered it." *Acker v. United States*, 223 Ct.Cl. 281, 290, 620 F.2d 802, 805–06 (Ct.Cl.1980) (citing

4. Section 512 of the Standardized Regulations states that "[p]ost differential is designed to provide additional compensation to employees for service at places in foreign areas where condi-

tions of environment differ substantially from conditions of environment in the continental United States and warrants additional compensation as a recruitment and retention incentive."

*Benton v. United States,* 203 Ct.Cl. 263, 488 F.2d 1017 (1973); *Alabama v. United States,* 198 Ct.Cl. 683, 461 F.2d 1324, *cert. denied,* 409 U.S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315 (1972)); *see also National Muffler,* 440 U.S. at 477, 99 S.Ct. at 1307. Plaintiff contends that the passage of time has no bearing on the legitimacy of the regulations in this instance because the Standardized Regulations have been changed numerous times since the regulations were first implemented in 1961.[5] Additionally, plaintiff contends that there has been insufficient challenge to the regulations as a result of the minimal amount of money at issue, and because the regulations have not necessarily been enforced by the agencies. Therefore, it can not be inferred that Congress is satisfied with the regulations. However, since 1964 the Standardized Regulations have provided for the deduction of post differential from the salaries of overseas employees in all agencies when on leave in the United States. Thus the court is persuaded that Congress is satisfied with the present post differential regulations. Consequently, plaintiff has not established a claim upon which relief can be granted for the deduction of post differential from plaintiff's salary as alleged in the second cause of action.

Alternatively, plaintiff suggests that if the court finds the Standardized Regulations valid, his claim should be evaluated for "possible restoration" of post differential benefits under the "Family Visitation Travel" exception contained in section 532a(2) of the Standardized Regulations. This section provides in pertinent part that "[p]ost differential may continue during 'Family Visitation Travel' from a hostile area to the United States as described in section 699, Volume 3, Foreign Affairs Manual (State) or equivalent agency regulations."[6] However, plaintiff does not assert facts which form the basis for relief under this section.

**5.** The Standardized Regulations were revised in 1964, 1965, 1972 and 1984.

**6.** Volume 3, section 699.4–2 of the Foreign Affairs Manual, entitled Eligibility For Family Visitation Travel From Imminent Danger Areas,

*Conclusion*

As discussed in this decision, plaintiff fails to state any facts upon which this court can grant relief. Accordingly, defendant's motion to dismiss for failure to state a claim under RUSCC 12(b)(4) is granted. Plaintiff's motion for summary judgment is therefore moot.

The Clerk is directed to dismiss plaintiff's complaint. No costs.

states in part that the family visitation provision "permits a member to visit that member's family which would reside at post with the member if the post were not within a hostile area at which family members cannot reside."